UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

KARINA RODRIGUEZ,

                                              Plaintiff,            **ANSWER TO**
                                                                   **COMPLAINT**
                    - against -
                                                                   18 Cv. 01626 (ER)
THE   CITY   OF   NEW   YORK,   ANNE-MARIE
HENDRICKSON,    ERIC    ENDERLIN,    VICTOR
HERNANDEZ, SHATARA PELL, MARGARET BROWN,
LISA TALMA,  and JOHN and JANE DOES  1-5 (said names
being fictitious, the persons intended being those who aided
and abetted the unlawful conduct of the named Defendants),

                                              Defendants.
------------------------------------------------------------------------- x

          Defendants City of New York ("City"), Anne-Marie Hendrickson, Eric Enderlin,

Victor Hernandez, Shatara Pell, Margaret Brown, and Lisa Talma, collectively, "Defendants"),

by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for

their answer to the Complaint, filed February 21, 2018 ("Complaint"), respectfully allege as

follows:

          1.   Deny the allegations set forth in paragraph "1" of the Complaint, except admit

that Plaintiff purports to proceed as alleged therein.

          2.   Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that Plaintiff Karina Rodriguez ("Plaintiff") purports to proceed as alleged therein.

          3.   Deny the allegations set forth in paragraph "3" of the Complaint, except admit

that Plaintiff purports to proceed as alleged therein.

          4.   Deny the allegations set forth in Paragraph "4" of the Complaint, except admit

that Plaintiff purports to set forth the basis of jurisdiction as alleged therein.

5.   Deny the allegations set forth in Paragraph "5" of the Complaint, except admit that Plaintiff purports to set forth the basis of jurisdiction as alleged therein.

6.   Deny the allegations set forth in Paragraph "6" of the Complaint, except admit that Plaintiff purports to set forth the basis of venue as alleged therein.

7.   Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the Corporation Counsel of the City of New York was served with the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that the Complaint was served upon the New York City Commission of Human Rights.

8.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purports to self-identify as set forth therein.

9.   Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff held the stated titles within HPD.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff performed duties related to HPD's Affordable housing programs.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Admit the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in Paragraph "13" of the Complaint.

14. Deny the allegations set forth in Paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that HPD is an agency of the City of New York.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Defendant Anne-Marie Hendrickson ("Hendrickson") is a black female and an employee of HPD.

18. Admit the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Defendant Hendrickson supervises five divisions and eighteen units.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Defendant Victor Hernandez ("Hernandez") is a male of Hispanic descent and an employee of HPD.

21. Deny the allegations set forth in Paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Defendant Eric Enderlin ("Enderlin") is a white male and a former employee of HPD.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Enderlin was Deputy Commissioner of Development at HPD from June 2013 to October 2016.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Enderlin was Deputy Commissioner of Development at HPD from June 2013 to October 2016.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that Defendant Shatara Pell ("Pell") is a black female and an employee of HPD.

26. Admit the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Defendant Margaret Brown ("Brown") is a white female and an employee of HPD.

28. Admit the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that Defendant Lisa Talma ("Talma") is a black female, and an employee of HPD.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Plaintiff purports to proceed as alleged therein.

31. Admit the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Complaint.

33. Deny the allegations set forth in Paragraph "33" of the Complaint.

34. Deny the allegations set forth in Paragraph "34" of the Complaint.

35. Deny the allegations set forth in Paragraph "35" of the Complaint, except admit that Plaintiff has applied for several positions at HPD since 2008.

36. Deny the allegations set forth in Paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Admit the allegations set forth in Paragraph "38" of the Complaint.

39. Deny the allegations set forth in Paragraph "39" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what De la Torre told Plaintiff.

40. Deny the allegations set forth in Paragraph "40" of the Complaint.

41. Deny the allegations set forth in Paragraph "41" of the Complaint.

42. Deny the allegations set forth in Paragraph "42" of the Complaint.

43. Deny the allegations set forth in Paragraph "43" of the Complaint, except admit that Plaintiff was not selected for the referenced positions.

44. Deny the allegations set forth in Paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in Paragraph "46" of the Complaint.

47. Deny the allegations set forth in Paragraph "47" of the Complaint, except admit that a Director of Marketing position was open in January 2014.

48. Deny the allegations set forth in Paragraph "48" of the Complaint, except admit that Plaintiff applied for the Director of Marketing position in January 2014.

49. Deny the allegations set forth in Paragraph "49" of the Complaint.

50. Deny the allegations set forth in Paragraph "50" of the Complaint.

51. Deny the allegations set forth in Paragraph "51" of the Complaint.

52. Deny the allegations set forth in Paragraph "52" of the Complaint.

53. Deny the allegations set forth in Paragraph "53" of the Complaint.

54. Deny the allegations set forth in Paragraph "54" of the Complaint.

55. Deny the allegations set forth in Paragraph "55" of the Complaint.

56. Deny the allegations set forth in Paragraph "56" of the Complaint.

57. Deny the allegations set forth in Paragraph "57" of the Complaint.

58. Deny the allegations set forth in Paragraph "58" of the Complaint.

59. Deny the allegations set forth in Paragraph "59" of the Complaint.

60. Deny the allegations set forth in Paragraph "60" of the Complaint.

61. Deny the allegations set forth in Paragraph "61" of the Complaint.

62. Deny the allegations set forth in Paragraph "62" of the Complaint, except admit that plaintiff applied for the stated positions, and that plaintiff was not selected for an interview.

63. Deny the allegations set forth in Paragraph "63" of the Complaint, except admit that plaintiff applied for the stated position, and that plaintiff was not selected for an interview.

64. Deny the allegations set forth in Paragraph "64" of the Complaint, except admit that plaintiff applied for the stated positions.

65. Deny the allegations set forth in Paragraph "65" of the Complaint.

66. Deny the allegations set forth in Paragraph "66" of the Complaint, except admit that Hendrickson met with Plaintiff on July 15, 2015.

67. Deny the allegations set forth in Paragraph "67" of the Complaint.

68. Deny the allegations set forth in Paragraph "68" of the Complaint.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

70. Deny the allegations set forth in Paragraph "70" of the Complaint.

71. Deny the allegations set forth in Paragraph "71" of the Complaint.

72. Deny the allegations set forth in Paragraph "72" of the Complaint.

73. Deny the allegations set forth in Paragraph "73" of the Complaint.

74. Deny the allegations set forth in Paragraph "74" of the Complaint.

75. Deny the allegations set forth in Paragraph "75" of the Complaint.

76. Deny the allegations set forth in Paragraph "76" of the Complaint, except admit that a staff meeting was held in April 2016, and admit that Doron Teleporos was moved to a new position.

77. Admit the allegations set forth in Paragraph "77" of the Complaint.

78. Deny the allegations set forth in Paragraph "78" of the Complaint.

79. Deny the allegations set forth in Paragraph "79" of the Complaint.

80. Deny the allegations set forth in Paragraph "80" of the Complaint.

81. Deny the allegations set forth in Paragraph "81" of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in Paragraph "83" of the Complaint, except admit that Ivan Cardona was selected for the vacant Deputy Director position.

84. Deny the allegations set forth in Paragraph "84" of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the discussion between Ivan Cardona and Plaintiff.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint, except admit that Plaintiff's Union received a complaint regarding Ivan Cardona.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff reported this alleged incident to her union.

90. Deny the allegations set forth in Paragraph "90" of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint, except admit that Ivan Cardona was terminated in August 2016.

92. Deny the allegations set forth in Paragraph "92" of the Complaint.

93. Deny the allegations set forth in Paragraph "93" of the Complaint.

94. Deny the allegations set forth in Paragraph "94" of the Complaint.

95. Deny the allegations set forth in Paragraph "95" of the Complaint.

96. Deny the allegations set forth in Paragraph "96" of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in Paragraph "98" of the Complaint.

99. Deny the allegations set forth in Paragraph "99" of the Complaint.

100. Deny the allegations set forth in Paragraph "100" of the Complaint, including subparts (a)-(j).

101. Deny the allegations set forth in Paragraph "101" of the Complaint.

102. Deny the allegations set forth in Paragraph "102" of the Complaint.

103. Deny the allegations set forth in Paragraph "103" of the Complaint.

104. Deny the allegations set forth in Paragraph "104" of the Complaint.

105. Admit the allegations set forth in Paragraph "105" of the Complaint.

106.    Deny the allegations set forth in Paragraph "106" of the Complaint.

107.    Deny the allegations set forth in Paragraph "107" of the Complaint.

108.    Deny the allegations set forth in Paragraph "108" of the Complaint, except admit that Hendrickson met with Plaintiff in October 2016.

109.    Deny the allegations set forth in Paragraph "109" of the Complaint.

110.    Deny the allegations set forth in Paragraph "110" of the Complaint.

111.    Deny the allegations set forth in Paragraph "111" of the Complaint.

112.    Deny the allegations set forth in Paragraph "112" of the Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in Paragraph "114" of the Complaint.

115.    Admit the allegations set forth in Paragraph "115" of the Complaint.

116.    Deny the allegations set forth in Paragraph "116" of the Complaint.

117.    Deny the allegations set forth in Paragraph "117" of the Complaint.

118.    Deny the allegations set forth in Paragraph "118" of the Complaint.

119.    Deny the allegations set forth in Paragraph "119" of the Complaint.

120.    Deny the allegations set forth in Paragraph "120" of the Complaint.

121.    Deny the allegations set forth in Paragraph "121" of the Complaint.

122.    Deny the allegations set forth in Paragraph "122" of the Complaint.

123.    Deny the allegations set forth in Paragraph "123" of the Complaint.

124.    Deny the allegations set forth in Paragraph "124" of the Complaint.

125.    Admit the allegations set forth in Paragraph "125" of the Complaint.

126.    Deny the allegations set forth in Paragraph "126" of the Complaint.

127.    Admit the allegations set forth in Paragraph "127" of the Complaint.

128.    Deny the allegations set forth in Paragraph "128" of the Complaint.

129.    Deny the allegations set forth in Paragraph "129" of the Complaint, except admit the Defendant Brown conducted interviews for the Deputy Director position.

130.    Deny the allegations set forth in Paragraph "130" of the Complaint.

131.    Deny the allegations set forth in Paragraph "131" of the Complaint, except admit that Pell requires all members of her team to copy her on E-Mail communications.

132.    Deny the allegations set forth in Paragraph "132" of the Complaint.

133.    Deny the allegations set forth in Paragraph "133" of the Complaint.

134.    Deny the allegations set forth in Paragraph "134" of the Complaint.

135.    Deny the allegations set forth in Paragraph "135" of the Complaint, including subparts (a)-(g).

136.    Deny the allegations set forth in Paragraph "136" of the Complaint, except admit that Defendant Pell worked as an occupancy compliance coordinator for a non-profit agency prior to her employment at HPD.

137.    Admit the allegations set forth in Paragraph "137" of the Complaint.

138.    Admit the allegations set forth in Paragraph "138" of the Complaint.

139.    Deny the allegations set forth in Paragraph "139" of the Complaint.

140.    Deny the allegations set forth in Paragraph "140" of the Complaint.

141.    Deny the allegations set forth in Paragraph "141" of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint, except admit that it is improper to base housing decisions on race or national origin.

143.    Deny the allegations set forth in Paragraph "143" of the Complaint.

144.    Deny the allegations set forth in Paragraph "144" of the Complaint.

145.    Deny the allegations set forth in Paragraph "145" of the Complaint.

146.    Deny the allegations set forth in Paragraph "146" of the Complaint.

147.    Deny the allegations set forth in Paragraph "147" of the Complaint.

148.    Deny the allegations set forth in Paragraph "148" of the Complaint.

149.    Deny the allegations set forth in Paragraph "149" of the Complaint.

150.    Deny the allegations set forth in Paragraph "150" of the Complaint.

151.    Deny the allegations set forth in Paragraph "151" of the Complaint.

152.    Deny the allegations set forth in Paragraph "152" of the Complaint.

153.    Deny the allegations set forth in Paragraph "153" of the Complaint.

154.    Deny the allegations set forth in Paragraph "154" of the Complaint.

155.    Deny the allegations set forth in Paragraph "155" of the Complaint.

156.    Deny the allegations set forth in Paragraph "156" of the Complaint.

157.    Deny knowledge or information specific to form a belief as to the allegations set forth in Paragraph "157" of the Complaint.

158.    Deny the allegations set forth in Paragraph "158" of the Complaint.

159.    Deny the allegations set forth in Paragraph "159" of the Complaint.

160.    Deny the allegations set forth in Paragraph "160" of the Complaint.

161.    Deny the allegations set forth in Paragraph "161" of the Complaint.

162.    Deny the allegations set forth in Paragraph "162" of the Complaint.

163.    Deny knowledge or information specific to form a belief as to the allegations set forth in Paragraph "163" of the Complaint.

164.    Deny the allegations set forth in Paragraph "164" of the Complaint, and deny knowledge or information specific to form a belief as to the allegations regarding the unnamed applicant's complaints and whether the applicant was granted a housing unit.

165.    Admit the allegations set forth in Paragraph "165" of the Complaint.

166.    Deny the allegations set forth in Paragraph "166" of the Complaint.

167.    Deny the allegations set forth in Paragraph "167" of the Complaint.

168.    Deny the allegations set forth in Paragraph "168" of the Complaint.

169.    Deny the allegations set forth in Paragraph "169" of the Complaint.

170.    Deny the allegations set forth in Paragraph "170" of the Complaint.

171.    Deny the allegations set forth in Paragraph "171" of the Complaint.

172.    Deny the allegations set forth in Paragraph "172" of the Complaint.

173.    Deny the allegations set forth in Paragraph "173" of the Complaint.

174.    Deny the allegations set forth in Paragraph "174" of the Complaint.

175.    Deny the allegations set forth in Paragraph "175" of the Complaint.

176.    Deny the allegations set forth in Paragraph "176" of the Complaint.

177.    Deny the allegations set forth in Paragraph "177" of the Complaint.

178.    Deny the allegations set forth in paragraph "178" of the Complaint.

179.    Deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations set forth in paragraph "180" of the Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in Paragraph "183" of the Complaint.

184.     Deny the allegations set forth in Paragraph "184" of the Complaint.

185.     Deny the allegations set forth in Paragraph "185" of the Complaint.

186.     Deny the allegations set forth in Paragraph "186" of the Complaint.

187.     Deny the allegations set forth in paragraph "187" of the Complaint.

188.     Deny the allegations set forth in Paragraph "188" of the Complaint.

189.     Deny the allegations set forth in Paragraph "189" of the Complaint.

190.     Deny the allegations set forth in Paragraph "190" of the Complaint.

191.     In response to the allegations of paragraph "191" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "190" above as if fully set forth herein.

192.     Deny the allegations set forth in paragraph "192" of the Complaint.

193.     Deny the allegations set forth in paragraph "193" of the Complaint, including subparts (a) through (d).

194.     Deny the allegations set forth in paragraph "194" of the Complaint.

195.     Deny the allegations set forth in paragraph "195" of the Complaint.

196.     Deny the allegations set forth in paragraph "196" of the Complaint.

197.     In response to the allegations of paragraph "197" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "196" above as if fully set forth herein.

198.     Deny the allegations set forth in paragraph "198" of the Complaint.

199.     Deny the allegations set forth in paragraph "199" of the Complaint.

200.     In response to the allegations of paragraph "200" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "199" above as if fully set forth herein.

201.     Deny the allegations set forth in paragraph "201" of the Complaint.

202.     Deny the allegations set forth in paragraph "202" of the Complaint.

203.     In response to the allegations of paragraph "203" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "202" above as if fully set forth herein.

204.     Deny the allegations set forth in paragraph "204" of the Complaint.

205.     Deny the allegations set forth in paragraph "205" of the Complaint, including subparts (a) through (c).

206.     Deny the allegations set forth in paragraph "206" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

207.     Deny the allegations set forth in paragraph "207" of the Complaint.

208.     Deny the allegations set forth in paragraph "208" of the Complaint.

209.     Deny the allegations set forth in paragraph "209" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

210.     In response to the allegations of paragraph "210" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "209" above as if fully set forth herein.

211.     Deny the allegations set forth in paragraph "211" of the Complaint.

212.     Deny the allegations set forth in paragraph "212" of the Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

214.    In response to the allegations of paragraph "214" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "213" above as if fully set forth herein.

215.    Deny the allegations set forth in paragraph "215" of the Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

218.    In response to the allegations of paragraph "218" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "217" above as if fully set forth herein.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

222.    In response to the allegations of paragraph "222" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "221" above as if fully set forth herein.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

226.    In response to the allegations of paragraph "226" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "225" above as if fully set forth herein.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

230.    Deny the allegations set forth in paragraph "230" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.


### AS AND FOR A FIRST DEFENSE

231.    The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

232.    The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A THIRD DEFENSE

233.    This action may be barred, in whole or in part, by collateral estoppel.

### AS AND FOR A FOURTH DEFENSE

234.    Defendants Hendrickson, Enderlin, Hernandez, Pell, Brown, and Talma, are protected from suit, in whole or in part by the doctrines of absolute immunity, qualified immunity, or common law immunity, or any combinations of these doctrines.

### AS AND FOR A FIFTH DEFENSE

235.    The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

-16-

## AS AND FOR A SIXTH DEFENSE

236.    At all times relevant to the Complaint, Defendants acted reasonably, lawfully, and in good faith, without malice, in accordance with the Constitution and laws of the United States and the State of New York, the Charter and laws of the City of New York, and all applicable laws, by-laws, rules and regulations.

## AS AND FOR A SEVENTH DEFENSE

237.    Defendants have not adopted any policy, practice or custom violative of Plaintiff's rights.

## AS AND FOR AN EIGHTH DEFENSE

238.    All actions taken by defendants with respect to plaintiff was taken in good faith for non-discriminatory and non-retaliatory legitimate business reasons and based on reasonable factors other than plaintiff's race or age.

## AS AND FOR A NINTH DEFENSE

239.    Plaintiff failed to avail themselves of the procedures in place to report claims of discrimination and retaliation.

## AS AND FOR A TENTH DEFENSE

240.    The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety, that the relief requested in the Complaint be denied in all respects, that judgment be entered for the Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             May 24, 2018

**ZACHARY W. CARTER**
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-122
New York, New York 10007
(212) 356-4076
DMarkos@law.nyc.gov

By:    _____
                 Dimitrios T. Markos
                 Assistant Corporation Counsel

To:    Samuel O. Maduegbuna (by ECF)
       William W. Cowles, II (by ECF)
       MADUEGBUNA COOPER LLP
       Attorneys for Plaintiff
       30 Wall Street, 8th Floor
       New York, New York 10005